```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

DAWN SWANSON,                      )
                                   )
              Plaintiff,           )
                                   )
    v.                             )    No. 06 C 5976
                                   )
MIDWEST PHYSICIAN GROUP LTD.,      )
et al.,                            )
                                   )
              Defendants.          )
```

<u>MEMORANDUM ORDER</u>

Dawn Swanson ("Swanson") has filed a purported sex discrimination action against Midwest Physician Group Ltd. ("Midwest") and Dr. Bradley Coolidge ("Coolidge"). This memorandum order is issued sua sponte because Swanson's Complaint does not appear to sound in terms that properly invoke either (1) Title VII or (2) the related prohibition against retaliation against the pursuit of Title VII claims.

It is true that Coolidge is described as having engaged in extremely boorish behavior--twice yelling "This is Fucking Bullshit" in response to Swanson's explanation of some business matters on July 29, 2005 (Complaint ¶¶15 and 16), then twice shouting "Don't pick fucking fights with me" shortly thereafter on the same day. But what is conspicuously missing from the Complaint is any allegation of a materially adverse action resulting from that purported sex-based discrimination (something that is necessary to any claim of a Title VII violation). And it is even difficult to discern from Swanson's allegation that the

less demanding standards as to retaliation claims, as announced last Term by the Supreme Court in <u>Burlington N. & Santa Fe Ry. v. White</u>, 126 S.Ct. 2405, 2414-16 (2006), have been met.

This Court of course recognizes the generous notice pleading principles exemplified by <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and it may be that Swanson's counsel have simply omitted allegations that would satisfy the concerns expressed here.[1] But if so, they would be well advised to file a prompt amendment to the Complaint that makes clear Swanson's entitlement to invoke federal subject matter jurisdiction, rather than having to begin afresh in the state court system to assert the kinds of state law claims that are now set out in Complaint Counts II and III.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 7, 2006

---

[1] It may be that providing copies of Swanson's EEOC charges (see Complaint ¶9) and EEOC's right-to-sue letter (Complaint ¶10), neither of which has been attached as an exhibit to the Complaint, will cast appropriate light on the matter.